FLAGG, Comptroller, &c., *against* MUNGER and others.

*Mortgage; right of Comptroller to foreclose; deed and bond, when to be construed together; condition precedent; personal liability of purchaser to pay prior mortgage.*

BILL to foreclose a mortgage executed by Thurber to the Bank of Central New York, to secure $6,500, and assigned by the bank to the plaintiff as security for circulating notes. The defendant Munger, as purchaser of part of the mortgaged premises, was sought to be charged, personally, for half the amount of the mortgage, by force of the following clause in the deed from Thurber to him: "This conveyance is made subject to one-half of a mortgage (describing the mortgage in suit), which the said Munger assumes to pay, and which is a part of the consideration money," &c.

It appeared that the deed was made and put on record by Thurber, in June, 1842, without Munger's consent; who, having ascertained that there were deficiencies in the quantity of lands, refused to accept the deed, until the amount of the deficiencies should be ascertained, and the price reduced accordingly. This was agreed upon in November, 1842, and the price reduced $1,550. Thurber then executed his bond to Munger, conditioned for the payment by him, of $1,550, of the half of the mortgage, expressed in the deed to be assumed by Munger, whenever it should be demanded; and the bond concluded with this clause: "and in case the said obligor shall fail to fulfil the obligations hereinbefore mentioned to be fulfilled by him in any part thereof, in the manner and at the times above specified for the fulfilment thereof, the said obligor is not bound to pay or satisfy any part or portion of the said bond and mort-

gage, anything contained in any deed to the contrary notwithstanding."

The deed and bond were both delivered to Munger at one time. The Superior Court regarded the clause in the bond above quoted, as in the nature of a forfeiture, and held Munger personally liable, notwithstanding Thurber had made default in his payments. The defendant denied the right of the Comptroller, under the provisions of the general banking law, to foreclose the mortgage.

*Held*, that the Comptroller had power to foreclose the mortgage, on default being made in its payment:

That the deed and bond must be construed together as one instrument:

That the clause of the bond set forth above, created a valid condition precedent, on the breach of which by Thurber, Munger was released from personal liability to him:

That the plaintiff, claiming an equitable right under the deed of Thurber, was subjected to the equities which existed against him.

The decree was therefore reversed, so far as it charged Munger with any personal liability.

(S. C., 14 Barb. 396; 9 N. Y. 483.)